**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Ramon Terrell DANIELS; Jecarlos Montrae Carter; Tenisha Deshea Carter; Antonio Demetrious Furlow; Gransihi Deon Mims, also known as Granshi; Auburn Thomas, also known as Big, Defendants–Appellants.**

No. 12–30413.

United States Court of Appeals, Fifth Circuit.

Sept. 5, 2013.

Josette Louise Cassiere, Assistant U.S. Attorney, U.S. Attorney's Office, Shreveport, LA, Allison Duncan Bushnell, U.S. Attorney's Office, Western District of Louisiana, Shreveport, LA, for Plaintiff–Appellee.

Patricia Ann Gilley, Gilley & Gilley, Attorneys at Law, Shreveport, LA, Stephen H. Shapiro, Jefferson, LA, G. Warren Thornell, Shreveport, LA, Douglas Lee Harville, Harville Law Firm, L.L.C., Shreveport, LA, Billy James Guin, Jr., Billy J. Guin, Jr., L.L.C., Shreveport, LA, Betty Lee Marak, Esq., Assistant Federal Public Defender, Federal Public Defend-

er's Office, Western District of Louisiana, Shreveport, LA, for Defendants–Appellants.

Before KING, DAVIS, and ELROD, Circuit Judges.

### ON PETITION FOR REHEARING

W. EUGENE DAVIS, Circuit Judge:

In this Petition for Panel Rehearing, Defendants JeCarlos Montrae Carter, Tenisha Deshea Carter, Antonio Demetrious Furlow, Gransihi Deon Mims, and Auburn Thomas argue that the sentences on their substantive counts should be vacated and remanded for resentencing because those sentences are intertwined with their now-vacated sentences on the conspiracy count.[1] In other words, they argue that in addition to being resentenced on the conspiracy count, they are entitled to be resentenced on their substantive counts as well. While arguing that resentencing on the substantive counts is not required, the Government does not oppose vacating the sentences on the substantive counts and agrees that defendants should have their offense levels recalculated because, using grouping principles, their Guidelines range calculations were driven by the conspiracy's now-vacated 5 kilogram finding.

Accordingly, we VACATE the sentences of all defendants and REMAND the case for resentencing consistent with this Order. The Petition for Panel Rehearing is GRANTED to this extent and this extent only. The Petition is otherwise denied.

---

1. Defendant Ramon Terrell Daniels did not petition for rehearing, as we have already remanded both of his counts (Count 1 and Count 8) for resentencing.